Gregory B. Smith (USB 6657)
GREG SMITH & ASSOCIATES
7324 South Union Park Avenue
Midvale, UT  84047
(801) 641-3397
gs@justiceinutahnow.com

    *Attorney for Plaintiff, Dane Wise*

# IN THE UNITED STATES DISTRICT COURT
# STATE OF UTAH

| | |
|---|---|
| ARTHUR DUANE WISE II,<br><br>              Plaintiff,<br><br>*vs*.<br><br>SONEL OZBER AND KING'S PEAK MANUFACTURING, LLC<br><br>              Defendants. | **COMPLAINT FOR UNPAID WAGES UNDER THE FLSA and UTAH LABOR LAWS  and RETALIATION and VIOLATION OF UTAH LAW**<br><br>**(JURY TRIAL DEMANDED)**<br><br>Case No.<br><br>Judge |

Plaintiff, "Dane" Wise, by and through under-signed counsel, hereby complains against Defendants; further, he demands a trial by jury, and seeks relief as follows:

## I.    PARTIES

1. Plaintiff, Dane Wise, is a Utah citizen who resides in Weber County, State of Utah.

2. Mr. Ozber is also a Utah citizen, who resides in Weber County, Utah.

3. Kings Peak Manufacturing is a Utah LLC, Entity Number: 9207782-0160;

    Address: 2581 RULON WHITE BLVD Ogden, UT 84404 ; Registered

    Agent: KENLON W REEVE ; Registered Agent Address:

2650 WASHINGTON BLVD., #201, OGDEN, UT 84401

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction under the United States Fair Labor Standards Act of 1938, §§ 7, 15(a)(3), 29 U.S.C.A. §§ 207, 215(a)(3); 29 C.F.R. § 778.111. The Court also has supplemental jurisdiction pursuant to 28 U.S. Code § 1367.

5. Venue is proper in this Court (pursuant to 28 U.S.C. § 1391) because the activities took place in the State of Utah (within the territorial limits of the Court).

6. Utah law says: "In case of failure to pay wages due an employee within 24 hours of written demand, the wages of the employee shall continue from the date of demand until paid, but in no event to exceed 60 days, at the same rate that the employee received at the time of separation. The employee may recover the penalty thus accruing to the employee in a civil action. This action shall be commenced within 60 days from the date of separation.
Utah Code Ann. § 34-28-5.

## III. STATEMENT OF FACTS/CLAIM

1. On or about April of 2016, Defendants hired Mr. Wise, and they controlled his work duties.

2. On or about the 21st of December 2021, Defendants fired Dane Wise because Mr. Wise raised issues that pertained to the United States Fair Labor Standards Acts (FLSA).
    1. Mr. Wise protested that he had not been paid on time as the law required.
    2. As a direct result of such, Defendants changed the terms and conditions of his employment by firing him.
3. When Defendants fired Mr. Wise, they had been paying him $35 an hour.
4. Prior to being fired, Mr. Wise worked between 40 and 60 hours per week.
5. His typical paycheck (every two weeks) grossed about $3,100, and netted around $2,500.
6. Defendants set their regular paydays as every other Friday.
7. On November 12 of 2021, Defendants failed to pay Mr. Wise (that was a Friday); thus, Defendants failed to pay him minimum wage.
8. Mr. Wise protested such, and he was told he would be paid the next week.
9. He had claimed 80.5 hours for the pay period.
10. On November 16th, he was paid 28 hours of regular time and half an hour of overtime.
11. On November 19th, he was paid the balance of 52 hours, which was seven days late.
12. During that time, he'd asked every day (from the 12th to the 19th) to be paid.

13. November 26th was the next payday, and again Defendants failed to pay Mr. Wise properly (Defendants paid some of his wages, but not all of them; nor did they properly pay him his overtime, which caused him to miss paying his rent).

14. Mr. Wise had claimed 80 hours of regular time and 24 overtime hours.

15. Mr. Wise was paid on November 26th, 24 hours of regular time and 24 hours of "overtime."

16. He sent an email to Sonel Ozber, the owner, and his accountant Tarina Chase asking for the balance.

17. Tarina replied and agreed he was owed 56 hours.

18. He was paid the balance of 56 hours at the regular rate on November 30, six days late.

19. Since he was fired (for raising the FLSA issues) he has been unemployed.

20. His firing compelled him to hire legal counsel.

21. While working for Defendants, he had never been written up.

22. He had been the general manager and had been told he'd done a fine job.

23. Just prior to firing Mr. Wise (on December 23, 2021), Mr. Wise had told Defendants that Defendants needed to pay their employees on time.

24. In other words, on December 10, 2022, the payroll was due, but employees were not paid on that day.

25. Mr. Dane Wise protested this to Defendants.

26. Defendants partially paid wages on or about December 15, 2021, and again Mr. Wise protested such.

27. Just prior to firing Mr. Wise, word had gotten to Defendants that Mr. Wise and other employees had spoken to an FLSA attorney about their rights.

28. As a direct result of Mr. Wise's communications and lawful protests regarding the FLSA issues (right up until the time he was fired), Defendants fired him.

29. When he was fired, he was not paid by Defendants within 24 hours.

30. He made a demand to be paid, but was not paid until on or about the December 28, 2021.

31. On December 24, 2021, Mr. Wise emailed a written demand for his wages that said in part, "I didn't see the final pay today. This is required to be done within 24 hours of termination. This is my request to you for final payment."

32. He was not given his paycheck until the 28th day of December.

## IV. CAUSES OF ACTION

33. Any cause of action supported by the facts, either now known or unknown, which include, but are not limited to, violations of the FLSA (not properly paying minimum wage, overtime, and having illegally retaliated against Plaintiff).

34. Also, Utah law says: "In case of failure to pay wages due an employee within 24 hours of written demand, the wages of the employee shall continue from the date of demand until paid, but in no event to exceed 60 days, at the same

rate that the employee received at the time of separation. The employee may recover the penalty thus accruing to the employee in a civil action. This action shall be commenced within 60 days from the date of separation. Utah Code Ann. § 34-28-5.

35. Mr. Wise was not paid within 24 hours.

## V. PRAYER FOR RELIEF

36. Plaintiff seeks the appropriate damages owed under the FLSA (wages and retaliation damages, which will be proven at trial), plus all of his attorney's fees and costs that relate to this case.  He also seeks damages under Utah Code Ann. § 34-28-5 (he is owed for at least two extra days (there was a Saturday and Sunday in that time before he was paid), and for pre- and post-judgment interest, and any other equitable and/or legal relief the Court deems fair and just.

DATED this 24th day of February, 2022

/s/ Gregory B. Smith, attorney for Plaintiff